IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ORLANDO SISSON,**

      **Plaintiff,**

v.                                        Case 2:20-cv-02201-JTF-cgc

**CITY OF MEMPHIS,** *in its individual and official capacity*,

**DETECTIVE PARKS,** *in his individual and official capacity*,

**DETECTIVE DAVIS,** *in his individual and official capacity*,

**J. BOND,** *Detective, in his individual and official capacity*,

**DETECTIVE BROWN,** *in his individual and official capacity*,

**T. MICHAEL,** *Detective, in his individual and official capacity*, **and**

**MEMPHIS POLICE DEPARTMENT,** *in its individual and official capacity*,

      **Defendants.**

---

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL and MOTION TO SHOW CAUSE**
**and**
**REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915**

---

On March 18, 2020, Plaintiff Orlando Sisson filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*.

(Docket Entry ("D.E." # 1 & 2.) The motion to proceed *in forma pauperis* was granted on March 20, 2020. (D.E. # 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

I.  **Introduction**

The Plaintiff has named the City of Memphis, the Memphis Police Department (the "MPD"), and Detectives Parks, Davis, Bond, Brown, and Michael in their individual and official capacities (collectively, the "Detectives") as defendants in his case (collectively, the "Defendants"). The allegations in Plaintiff's Complaint stem from events which took place on and after May 28, 2016. According to Plaintiff, the Detectives "went to the neutral and detached judge and informed the judge" that on May 28, 2016, Detective Parks and other officers executed a narcotic search warrant at 2040 Hubert Avenue. Plaintiff states that he was observed exiting a vehicle with a white bag and walking into the target location. After entering the residence, officers observed Plaintiff and another individual standing next to a firearm within arm's reach. According to the Plaintiff, it was indicated to the judge that Detective Davis and Detective Bonds retrieved several bags of marijuana located in various areas of the residence. Additionally, the Detectives retrieved firearms and ecstasy.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrate Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Plaintiff states that after being charged, "it was time for his lawyer to receive the exculpatory evidence from the discovery request and the prosecutor couldn't come up with [anything] . . . so [Plaintiff could not] properly defend himself." Plaintiff alleges a multitude of violations and claims against the Defendants. Plaintiff states that he is bringing a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), because the prosecutor and police conspired to withhold all physical evidence from him. Plaintiff also alleges violations of the Fourth Amendment, Due Process Clause, Equal Protection Clause, and 18 U.S.C. §§ 241-242 ("Sections 241 and 242"). Plaintiff additionally states that he is bringing a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim and unjust enrichment claim against the Defendants.

As relief, Plaintiff seeks (1) compensatory damages in the amount of one million dollars per defendant, (2) punitive damage in the amount of one million dollars per defendant, (3) an injunction against the City of Memphis and the MPD to "bring their discovery process up to constitutional standard," (4) declaratory relief, (5) and any other relief the court deems just and fair.

Plaintiff also seeks counsel. To the extent that Plaintiff's statement is construed as a motion for appointment of counsel in his civil case, it is DENIED. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally

3

involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986). The Court finds that the instant case does not present complex factual and legal issues that rise to the level of the exceptional circumstances that the Sixth Circuit requires.

In addition, Plaintiff filed a "Motion to Show Cause," asking for leave to pursue his claim. (D.E. # 8.) For the reasons stated below, it is recommended that Plaintiff's Complaint be dismissed for failure to state a claim. In light of the Court's recommendation, Plaintiff's Motion to Show Cause is DENIED.

**II.    Analysis**

Plaintiff alleges violations of his civil rights pursuant to Section 1983, among other various theories. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain

sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

### A. Statute of Limitations as to Section 1983 Claims

One of Plaintiff's many theories of relief is that his constitutional rights have been violated under Section 1983. Actions brought pursuant to Section 1983 are generally governed by the state statute of limitations for personal injuries. *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Tennessee law provides a one-year statute of limitations for civil actions brought under federal civil rights statutes, such as Section 1983. Tenn. Code Ann. § 28-3-104. "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury. *Edison*, 510 F.3d at 635. The plaintiff "has reason to know" of the injury when the plaintiff should have discovered the injury through "reasonable diligence." *Sevier*, 742 F.2d at 272. Here, the only date Plaintiff refers to is May 28, 2016. In fact, although it is unclear from Plaintiff's allegations exactly when the alleged violations occurred, it appears from the Complaint that many, if not all, of the alleged violations occurred at or near May 28, 2016. Plaintiff did not file this Complaint until March 18, 2020. Accordingly, to the extent that Plaintiff's Section 1983 claims

include any alleged violations of his federally protected rights prior to March 18, 2019, it is RECOMMENDED that those claims be dismissed as they are untimely.

Even if Plaintiff's claims are not time-barred by the statute of limitations, however, Plaintiff still fails to state a claim for which relief may be granted.

### B. Section 1983 Claims Against the MPD and the Detectives in Their Official Capacities

Plaintiff brings claims against the MPD and the Detectives in their official capacities. As to claims against the MPD, police departments are properly characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005). As such, police departments are not proper defendants in a Section 1983 action. *See Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Claims against a police department, however, may be generally construed as claims against the municipality of which it is a sub-unit. Accordingly, Plaintiff's claims are properly construed as claims against the City of Memphis. As to claims against the Detectives in their official capacities, those claims are also construed as claims against City of Memphis. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). As such, it is RECOMMENDED that Plaintiff's claims against the MPD and against the Detectives in their official capacities be dismissed for failure to state a claim upon which relief may be granted, and instead be interpreted as claims against the City of Memphis, which is discussed *infra*.

### C. Section 1983 Claims Against the City of Memphis

As to claims against the City of Memphis, the Supreme Court in *Monell v. New York Social Service*, 436 U.S. 658 (1978), outlined the standard for municipal liability under Section 1983. Pursuant to *Monell*, liability must be based on the existence of some policy, procedure, or custom

6

which results in constitutional harm to the plaintiff and may not be predicated solely on the basis of a respondeat superior theory. *Monell*, 436 U.S. at 690-91.  Furthermore, a municipality is only liable under Section 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690-91).  Additionally, the policy must be connected to the municipality in such a way as to show that the injury was caused by the execution of that policy. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  Plaintiff fails to make any allegations that the City of Memphis engages in any policy, practice, or custom which results in the deprivation of federally protected rights. Accordingly, it is RECOMMENDED that any claims against the City of Memphis be dismissed for failure to state a claim.

### D.  Section 1983 Claims Against the Detectives in Their Individual Capacities

Plaintiff also seeks to hold the Detectives liable under Section 1983 in their individual capacities.  Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003).  For the reasons set forth below, it is RECOMMENDED that Plaintiff's Complaint fails to allege sufficient facts to demonstrate deprivation of federally protected rights.

### i.  Fourth Amendment Claims

Plaintiff alleges that his Fourth Amendment rights were violated.  The Fourth Amendment protects against unreasonable searches and seizures, as well as provides that a warrant may not be issued without probable cause.  U.S. Const. amend. IV.  Plaintiff repeatedly quotes the Fourth

7

Amendment and states that "the [d]etective went to the magistrate judge with a statement from [a confidential informant] and present[ed] testimony . . . there was no attachment to the [Affidavit of Complaint] explaining to the neutral and detached [m]agistrate." Although Plaintiff complains that there was not an "attachment," the Complaint does not allege that the search of the residence or Plaintiff's subsequent arrest lacked probable cause. Nor does Plaintiff appear to allege that the "neutral and detached magistrate" lacked probable cause in his or her determination. Additionally, Plaintiff's statement leaves much to be desired. It is unclear from Plaintiff's Complaint exactly how Plaintiff's Fourth Amendment rights were allegedly violated. As stated above, this Court has no obligation to search through Plaintiff's Complaint and create his cause of action. *Pliler*, 542 U.S. at 231. As such, Plaintiff has not stated sufficient facts to demonstrate that he was deprived of any constitutional right protected by the Fourth Amendment. Accordingly, it is RECOMMENDED that any of Plaintiff's Section 1983 claims based on violations of the Fourth Amendment be dismissed for failure to state a claim.

### ii. Equal Protection Claims

Plaintiff also alleges that his is bringing his Complaint pursuant to Section 1983 for violations of his Equal Protection rights. The Equal Protection Clause contained in the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state a claim under the Equal Protection clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996) (quoting *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). At the center of any equal protection claim is "that the state has treated similarly-situated individuals differently." *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 2036 (6th Cir. 1992).

Although Plaintiff states he was discriminated against because of his race, which is a protected characteristic, Plaintiff makes no factual allegations to show that any state actor intentionally discriminated against him because of his race or that he was treated differently than similarly situated individuals. Plaintiff's conclusory statements are insufficient to state a claim. *See Iqbal*, 556 U.S. at 679. Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claims based on violations of the Equal Protection Clause be dismissed for failure to state a claim upon which relief may be granted.

### iii.    Due Process Claims

Plaintiff also states that his due process rights were violated. The Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. The Due Process Clause contains both a substantive component, which "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used,'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quotation omitted), and a procedural component, which guarantees fair procedure. Either component may be the subject of a Section 1983 action.

It is unclear from Plaintiff's Complaint whether he is asserting a procedural or substantive due process claim. As to a claim of procedural due process, a plaintiff must establish: "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof.'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (citation omitted). As to a substantive due process claim, "[s]ubstantive due process bars the government from acting in a way that shocks the conscious or interferes with rights implicit in the concept of ordered liberty." *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

9

However, courts are "to carefully scrutinize . . . substantive due process claims brought under § 1983 because guideposts for responsible decision-making in this uncharted area are scarce and open-ended." *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452 (6th Cir. 2002).

As stated throughout this Report and Recommendation, however, Plaintiff fails to sufficiently allege that any of his constitutional rights were either interfered with or that he was deprived of any protected rights. Furthermore, Plaintiff merely states that his due process rights have been violated. He makes no other factual allegations regarding his due process rights. As such, it is RECOMMENDED that Plaintiff's due process claims, whether procedural or substantive, be dismissed for failure to state a claim.

### iv.   *Brady* Violation

Additionally, Plaintiff alleges that the Defendants withheld exculpatory evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Sixth Circuit has recognized that a *Brady* violation may be the basis of a Section 1983 claim. *See Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010); *see also Porter v. City of Dyersburg, Tennessee*, 2008 WL 11318320, at *4 (W.D. Tenn. May 6, 2008) ("Interpreting *Brady* in the context of a § 1983 claim, . . . a police officer . . . can be held liable under the Fourteenth Amendment due process clause for knowingly withholding exculpatory evidence."). The essential elements of a *Brady* violation are that the evidence be favorable to the accused because it is either exculpatory or impeaching, the evidence was suppressed by the State, and prejudice resulted. *United States v. Coker*, 514 F.3d 562, 570 (6th Cir. 2008) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

"*Brady* requires a police officer to disclose evidence to the prosecutor only when its exculpatory value is 'apparent' to the officer . . . that is when the officer is aware that the evidence 'could form a basis for exonerating the defendant." *D'Ambrosio v. Marino*, 747 F.3d 378, 390 (6th Cir. 2014) (citations omitted). Police officers do not have to disclose evidence to criminal defendants directly. *Moldowan v. City of Warren*, 578 F.3d 351, 379 (6th Cir. 2009).

In the instant case, Plaintiff makes conclusory allegations regarding the alleged *Brady* violation. Specifically, Plaintiff states that the Defendants withheld "discovery material that i[t] would have [] trump[ed] [and] beat the case." Plaintiff alleges that after being charged with "all the weapons and drugs" it was "time for his lawyer to receive the exculpatory evidence from the discovery requests." Plaintiff states that the prosecutor "couldn't come up with nothing to assist" the Plaintiff so that he could properly defend himself against the charges. Plaintiff continues, stating that an AK-47 and one pound of marijuana was missing from evidence and that the Detectives did not "turn over the audio video to the state[']s attorney." Plaintiff finally alleges that had the Defendants not withheld this exculpatory evidence, he would not have taken an Alford Plea. The Complaint is vague at best as to what exactly the evidence allegedly withheld is and provides no factual allegations to support the notion that the evidence was material or exculpatory. Furthermore, Plaintiff provides no factual allegations, beyond his mere conclusory statement regarding his plea, that demonstrates he was prejudiced. "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### v. Sections 241 and 242 Claims

In his Complaint, Plaintiff states that the Detectives "violated 18 U.S.C. [§§] 421 and 242." Title 18 U.S.C. §§ 241 and 242 provide for penalties of fines, imprisonment, or both when two or

11

more people: (1) "conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any rights or privileges secured to him" or (2) "act under color of law to willfully subject[] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 18 U.S.C. §§ 241 & 242. It is well settled in the Sixth Circuit that Section 241 and 242 are solely criminal statutes which do not provide a private right of action. *See, e.g.*, *Booth v. Henson*, 290 F. App'x 919, 920-21 (6th Cir. 2008) (holding that the plaintiff lacked standing to file an action under either section); *United States v. Oquaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Brewster v. Wells Fargo Bank*, 2012 WL 4024749, at *4 n.8 (W.D. Tenn. Sept. 12, 2012).

Because neither Section 421 nor Section 424 create a federally protected right, Plaintiff cannot establish that there was a deprivation of a right secured by the Constitution or laws of the United States. Accordingly, Plaintiff cannot establish an essential element of his Section 1983 claim. As such, it is RECOMMENDED that Plaintiff's claims for violations of Section 241 and 242 be dismissed.

### E. RICO Claims

Plaintiff also purports to bring a civil RICO claim against the Defendants, stating "the above defendants conspired to punish [Plaintiff] because he sought to petition the court for redress, and the above entity is operating in the stream of commerce and operation for the public welfare of the citizens of the state of Tennessee, City of Memphis." RICO prohibits any person employed by or associated with any enterprise affecting interstate commerce to conduct or participate in the enterprise's affairs "through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The purpose of the RICO statute is to combat "organized and/or continuing patterns of criminal activity," and the statute should be read liberally in order to effectuate this purpose. *United States v. Qaoud*, 777

F.2d 1105, 1115 (6th Cir. 1985). In order to prove a RICO violation, a plaintiff must establish: (1) two or more predicate offenses; (2) the existence of an enterprise; (3) a pattern of racketeering activity that bears a sufficient nexus to the enterprise; and (4) an injury to the plaintiff's business or property as a result of the first three elements. *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000).

Plaintiff does not allege any predicate offenses, the existence of an enterprise, any pattern of racketeering, or any injury to his business or property. Accordingly, Plaintiff fails to allege any facts for this court to infer the essential elements of a RICO claim. As such, it is RECOMMENDED that Plaintiff's RICO claims be dismissed for failure to state a claim.

### F. Unjust Enrichment and Consumer Fraud Claims

Lastly, Plaintiff states he is brining "an unjust enrichment claim against the defendants and consumer fraud against the defendants." To state a claim for unjust enrichment a plaintiff must demonstrate "(1) a benefit was conferred on the defendant by the plaintiff; (2) the defendant appreciated the benefits; and (3) the defendant accepted the benefit under such circumstances that it would be inequitable to retain the benefit without paying its value to the plaintiff." *Potter's Shopping Center, Inc. v. Szekely*, 461 S.W.3d 68, 72 n.5 (Tenn. Ct. App. 2014). Here, Plaintiff makes no allegations that he conferred any type of benefit upon any of the defendants and therefore cannot state the essential elements of an unjust enrichment claim. Accordingly, it is RECOMMENDED that Plaintiff's unjust enrichment claim be dismissed. As far as Plaintiff's "consumer fraud" claim, Plaintiff does not provide any theory or statute upon which he alleges consumer fraud. It is not this Court's job to create Plaintiff's claim for him. *See Payne*, 73 F. App'x at 837. As such, to the extent Plaintiff purports to bring a "consumer fraud" claim, it is RECOMMENDED that it be dismissed for failure to state a claim.

**III.    Recommendation**

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous.  Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one.  *Coppedge v. United States*, 396 U.S. 438, 445 (1962).  The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 9th day of July 2020.

              s/ Charmiane G. Claxton
              CHARMIANE G. CLAXTON
              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**