**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

| | | |
|---|---|---|
| **ORLANDO SISSON,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| **v.** | ) | Case No. 2:20-cv-02201-JTF-cgc |
| | ) | |
| **CITY OF MEMPHIS,** *in its individual and* | ) | |
| *official capacity,* | ) | |
| **DETECTIVE PARKS,** *in his individual and* | ) | |
| *official capacity*, | ) | |
| **DETECTIVE DAVIS**, *in his individual and* | ) | |
| *official capacity*, | ) | |
| **DETECTIVE J. BOND,** *in his individual and* | ) | |
| *official capacity*, | ) | |
| **DETECTIVE BROWN,** *in his individual and* | ) | |
| *official capacity*, | ) | |
| **DETECTIVE T. MICHAEL,** *in his* | ) | |
| *individual and official capacity*, | ) | |
| **MEMPHIS POLICE DEPARTMENT,** *in its* | ) | |
| *individual and official capacity*, | ) | |
| | ) | |
|     **Defendants.** | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**
_____

    Before the Court is Plaintiff Orlando Sisson's *pro se* Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and other legal theories against Defendants City of Memphis, Detective Parks, Detective Davis, Detective J. Bond, Detective Brown, Detective T. Michael, and Memphis Police Department ("Defendants"), filed on March 18, 2020. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which was granted on March 20, 2020. (ECF No. 7.) The Magistrate Judge, upon screening Plaintiff's Complaint, entered a Report and Recommendation suggesting dismissal of the Complaint for failure to state a claim

1

upon which relief may be granted. (ECF No. 9.) On August 13, 2020, Plaintiff filed a Motion for Reconsideration regarding the Report and Recommendation, which the Court construes as Objections to the Report and Recommendation. (ECF No. 10.) So construed, Plaintiff's Objections are untimely, and further, unresponsive to the Report and Recommendation. (*See id.*) Thus, Plaintiff's Motion for Reconsideration, construed as Objections to the Report and Recommendation, is **DENIED**. For the reasons below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** Plaintiff's Complaint.

## FACTUAL HISTORY

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 9, 2–4.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally

applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b)(2). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Id.* (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

As indicated, Plaintiff filed a Motion for Reconsideration regarding the Report and Recommendation, which this Court has construed as Objections to the Report and Recommendation. (ECF No. 10.) However, because such Objections are untimely, and further, because they are unresponsive to the Report and Recommendation, Plaintiff's Objections are **DENIED**. The Court agrees with and adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiff asserts a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), alleging that physical evidence was wrongly withheld. (ECF No. 1, 3 ¶ 9.) Additionally, Plaintiff alleges violations of the Fourth Amendment, Due Process Clause, Equal Protection Clause, and 18 U.S.C. §§ 241–242. (*Id.* at 3–4.) Plaintiff also asserts an unjust enrichment claim, "consumer fraud" claim, and a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. (*Id.* at 4.) Finally, Plaintiff

requested counsel, which the Magistrate Judge denied because Plaintiff had no constitutional right to such, and the requisite exceptional circumstances were not present. (ECF No. 9, 3–4.) Because at least some of Plaintiff's claims are untimely, and because Plaintiff's Complaint lacks the factual allegations necessary to support the claims therein, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's Complaint should be dismissed. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

I. <u>Section 1983 Statute of Limitations</u>

The Magistrate Judge found that, to the extent Plaintiff asserts Section 1983 claims for alleged violations of federally protected rights that occurred before March 18, 2019, they should be dismissed as untimely. (ECF No. 9, 5–6.) The Magistrate Judge noted that Tennessee's statute of limitations for personal injuries governs Plaintiff's Section 1983 claims. (*Id.* at 5) (citing *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634–35 (6th Cir. 2007)). Thus, Plaintiff had one year from the time that he knew or had reason to know of the alleged injury to file suit. (*Id.*) (citing TENN. CODE ANN. § 28-3-104(a)(1)(B) and *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). The only date mentioned in Plaintiff's Complaint is May 28, 2016, and purportedly, the events recited in the Complaint occurred on or near that date. Further, it would appear that Plaintiff had contemporaneous knowledge of at least most of these events. However, Plaintiff filed his Complaint on March 18, 2020. Finally, Plaintiff's untimely Objections concede the Section 1983 claims are time-barred. (ECF No. 10, 1.) This Court agrees with the Magistrate Judge that Plaintiff's Section 1983 claims should be **DISMISSED** as untimely insofar as they arise from pre-March 18, 2019 violations.

II. <u>Section 1983 Claims Against Memphis Police Department and Detectives in Their Official Capacities</u>

In addition to Plaintiff's claims being untimely, the Magistrate Judge also found that Plaintiff's claims against Defendants in their official capacities should be dismissed. The Magistrate Judge concluded that police departments are not proper defendants in a Section 1983 suit and that suits against officials in their official capacities are suits against the official's office. (ECF No. 9, 6) (citing *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005) and *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In the face of no timely objections, and finding no clear error, this Court agrees. Accordingly, Plaintiff's claims against the Memphis Police Department and the Detectives in their official capacities are **DISMISSED** for failure to state a claim upon which relief may be granted and are instead interpreted as claims against the City of Memphis.

### III.    Section 1983 Claims Against City of Memphis

Having construed Plaintiff's claims against the Memphis Police Department and Detectives in their official capacities as claims against the City of Memphis, the Magistrate Judge found that municipalities face Section 1983 liability only if the deprivation of a constitutionally protected right is the result of a policy or custom of the municipality. (ECF No. 9, 7) (citing *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996)). Because Plaintiff does not allege any such policy, practice, or custom, the Court agrees with the Magistrate Judge's conclusions. Plaintiff's claims against the City of Memphis are **DISMISSED**.

### IV.    Section 1983 Claims Against Detectives in Their Individual Capacities

As noted by the Magistrate Judge, Plaintiff has asserted Section 1983 claims against the Defendant Detectives in their individual capacities as well. (ECF No. 1, 1.) With respect to Plaintiff's Fourth Amendment claims, the Magistrate Judge recommended dismissal for failure to

state a claim because Plaintiff failed to allege that the search, subsequent arrest, and magistrate's determination lacked probable cause. (ECF No. 9, 7–8.) The Magistrate Judge also found that Plaintiff's Equal Protection claim should be dismissed because it does not provide facts to support the conclusory allegation that Plaintiff was racially discriminated against. (*Id.* at 8–9.) Regarding Plaintiff's claims for alleged Due Process violations, the Magistrate Judge found that Plaintiff lacked factual allegations showing deprivation of a right and could not state a claim as to either substantive or procedural Due Process violations. (*Id.* at 9–10.) Next, the Report and Recommendation found Plaintiff's allegations of a *Brady* violation insufficient because Plaintiff failed to provide factual allegations showing that he was prejudiced from any withholding of evidence or that any such evidence was material or exculpatory. (*Id.* at 11.) Plaintiff's untimely Objections do not legitimately counter this conclusion. (ECF No. 10, 2.) As to Plaintiff's purported claims under 18 U.S.C. §§ 241 and 242, the Magistrate Judge concluded that any such claim under these criminal statutes must fail because these statutes do not create a private cause of action, and thus, create no federally protected right required for a Section 1983 claim. (ECF No. 9, 12) (citing *Booth v. Henson*, 290 F. App'x 919, 920–21 (6th Cir. 2008)). Overall, Plaintiff fails to allege sufficient facts supporting the Section 1983 claims against Defendants in their individual capacities. Therefore, Plaintiff's Section 1983 claims against Defendants in their individual capacities are **DISMISSED**.

Regarding Plaintiff's civil RICO claim, the Magistrate Judge found that Plaintiff's Complaint lacks factual allegations supporting any of the elements for such a claim, and that therefore, Plaintiff failed to state a claim. (*Id.* at 12–13) (citing *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000)). Finally, the Report and Recommendation recommends dismissal of Plaintiff's unjust enrichment and consumer fraud claims. (*Id.* at 13.)

Because Plaintiff has not alleged that he conferred a benefit upon any Defendants, Plaintiff has failed to state a claim for unjust enrichment. (*Id.* at 13) (citing *Potter's Shopping Ctr., Inc. v. Szekely*, 461 S.W.3d 68, 72 n.5 (Tenn. Ct. App. 2014)). The Court also agrees that, having provided no legal theory, Plaintiff has not sufficiently explained or established any claim for "consumer fraud." Because Plaintiff lacks the requisite factual allegations and plausibility for these claims, Plaintiff's civil RICO claim, unjust enrichment claim, and "consumer fraud" claim are **DISMISSED**.

### V.     Appeal

The Court also agrees with the Magistrate Judge's recommendation that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff may not appeal the above determination *in forma pauperis* because such an appeal would not be taken in good faith. Plaintiff did not timely object to the Report and Recommendation. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is objective and considers whether the litigant seeks appellate review of any nonfrivolous issue. *Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 U.S. Dist. LEXIS 100175, at *8 (W.D. Tenn. June 16, 2017). Additionally, courts hold that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, while simultaneously finding that the claim has sufficient merit to support an appeal *in forma pauperis*. *Id.* at *9. The same considerations that favor dismissal of Plaintiff's Complaint also compel the conclusion that an appeal here would be frivolous and, thus, not taken in good faith. *See id.* at *8. Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an *in forma pauperis* appeal in this case by Plaintiff would not be taken in good faith, and thus, may not be taken.

**CONCLUSION**

Upon a *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** Plaintiff's claim with prejudice for failure to state a claim upon which relief may be granted.[1] Plaintiff's Motion for Reconsideration, construed as Objections to the Report and Recommendation, is **DENIED**.  The Court **CERTIFIES** that Plaintiff may not appeal the determination herein *in forma pauperis*.

**IT IS SO ORDERED** this 23rd day of March, 2021.

                                          *s/John T. Fowlkes, Jr*.
                                          JOHN T. FOWLKES, JR.
                                          UNITED STATES DISTRICT JUDGE

---

[1] Due to his *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides:  "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).